## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### (Civil Division)

_____

| | |
|---|---|
| **DWELLYN JEROME HOWARD** ) | |
| 7407 Digby Green ) | |
| Alexandria, VA 22315 ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | Judge: _____ |
| **ALLEN LUND COMPANY, LLC** ) | |
| 4529 Angeles Crest Highway ) | |
| La Cañada, California 91011 ) | Related Cases: |
| ) | MORRIS v. ALLEN LUND |
| **Serve:** ) | COMPANY, INC., ET AL. |
| Stephen Christopher Doerfler ) | Case No. 1:18-cv-00286 |
| 4529 Angeles Crest Highway, Suite 300 ) | (M.D. North Carolina) |
| La Cañada, California 91011 ) | |
| ) | |
| *-and-* ) | THOMAS v. ALLEN LUND |
| ) | COMPANY, INC., ET AL. |
| **EC TRUCKING ENTERPRISES, INC.** ) | Case No. 1:17-cv-01031 |
| 14950 S.W. 192nd Ave ) | (M.D. North Carolina) |
| Miami, FL 33196 ) | |
| ) | |
| **Serve:** ) | |
| ) | |
| Marvin I Moss, Esq. ) | |
| 20801 Biscayne Blvd., Suite 506 ) | |
| N. Miami Beach, Florida 33180 ) | |
| ) | |
| *-and-* ) | |
| ) | |
| **DANIEL SANTIAGO SERNA** ) | |
| Columbus Correctional Institution ) | |
| 1255 Prison Camp Road ) | |
| Whiteville, NC 28472 ) | |
| ) | |
| *-and-* ) | |

1

**A EXPRESS SERVICES LLC**                  )
12513 Southwest 28th Court                  )
Miramar, Florida  33027                     )
                                            )
**Serve:**                                  )
                                            )
Jhonattan Fabricio Villagomez               )
12513 Southwest 28th Court                  )
Miramar, Florida  33027                     )
                                            )
*-and-*                                     )
                                            )
**JHONATTAN FABRICIO VILLAGOMEZ**           )
Jhonattan Fabricio Villagomez               )
12513 Southwest 28th Court                  )
Miramar, Florida  33027                     )
                                            )
*-and-*                                     )
                                            )
**THE SIMPLEX GROUP, INC.**                 )
10625 N Kendall Dr.                         )
Miami, FL  33176                            )
                                            )
**Serve:**                                  )
                                            )
Corporate Creations Network Inc.            )
11380 Prosperity Farms Road #221E           )
Palm Beach Gardens, FL  33410               )
                                            )
*-and-*                                     )
                                            )
**BEST ONE INSURANCE, INC.**                )
18503 Pines Blvd., Suite 206                )
Pembroke Pines, Florida  33029              )
                                            )
**Serve:**                                  )
                                            )
Luis Ortega                                 )
18503 Pines Blvd., Suite 206                )
Pembroke Pines, Florida  33029              )
                                            )
***Defendants****.*                         )

2

## COMPLAINT AND JURY DEMAND

COMES NOW, Dwellyn Jerome Howard, by and through the undersigned counsel, and files this Complaint and Jury Demand against the above-named Defendants based on the following:

## OVERVIEW

Allen Lund Company, LLC ("Allen Lund") arranged for EC Trucking Enterprises, Inc. to transport a refrigerated load from Commonwealth Dairy, LLC in Vermont to ALDI, Inc. in North Carolina on July 17, 2015. A Express Services LLC and its sole owner, Johnattan Fabricio Villagomez, had initially discovered this delivery opportunity and worked with EC Trucking Enterprises, Inc. to arrange it. At the same time, The Simplex Group, Inc. was paid to provide regulatory and compliance services to EC Trucking Enterprises, Inc., while Best One Insurance, Inc. provided insurance brokering and risk management advice to EC Trucking Enterprises, Inc. However, in the course of transporting the load for EC Trucking Enterprises, Inc., the truck driver, Daniel Santiago Serna, drove the company's tractor trailer off the roadway on I-85 in Greensboro, North Carolina, striking several bikers, including Dwellyn Jerome Howard, who had parked their motorcycles on the shoulder of the road. As a result of this horrific incident, Mr. Howard's left leg was severely injured and he had to undergo an above-the-knee amputation. He also suffered multiple other serious injuries. As a result of the collision, Mr. Howard has incurred, and will continue to incur, extensive medical bills, experienced severe pain and suffering, and is permanently disabled.

3

## JURISDICTION, VENUE, PARTIES

1.      This Court has subject matter jurisdiction over Plaintiff's claims and causes of action pursuant to 28 U.S.C. § 1332(a)(1) and (3). This is an action for damages involving a matter in controversy in excess of $75,000, exclusive of costs and interest. No Defendant is a citizen or resident of Plaintiff's state of citizenship or residency.

2.      Venue is properly conferred on this Court because the collision that forms the basis of this action took place in Greensboro, Guilford County, North Carolina.

3.      Plaintiff Dwellyn Jerome Howard is a citizen and resident of the Commonwealth of Virginia.

4.      Defendant Allen Lund Company, LLC ("Allen Lund") is a business entity organized and existing under the laws of the State of California, with its principal place of business in California. Allen Lund has designated Stephen Christopher Doerfler, located at 4529 Angeles Crest Highway, Suite 300, La Cañada, California, 91011, as its agent for service of this complaint. Thus, for diversity purposes, Allen Lund is deemed a citizen of California.

5.      Defendant EC Trucking Enterprises, Inc. ("EC Trucking") is a business entity organized and existing under the laws of the State of Florida, with its principal place of business in Miami, Florida. EC Trucking has designated Marvin I. Moss, located at 20801 Biscayne Blvd., Suite 506, N. Miami Beach, Florida 33180, as its agent for service of this complaint. Thus, for diversity purposes, EC Trucking is deemed a citizen of Florida.

6.      Defendant Daniel Santiago Serna is a citizen of the State of Florida with a last known address of 2825 S.W. 83rd Avenue, Miramar, Florida 33025.  He is currently incarcerated in North Carolina.

7.      Defendant A Express Services LLC ("A Express Services") is a business entity organized and existing under the laws of the State of Florida, with its principal place of business in Miramar, Florida. A Express Services has designated Jhonattan Fabricio Villagomez, located at 12513 Southwest 28th Court, Miramar, Florida, 33027 as its agent for service of this complaint. Thus, for diversity purposes, A Express Services is deemed a citizen of Florida.

8.      Defendant Jhonattan Fabricio Villagomez is a citizen and resident of the State of Florida.

9.      Defendant The Simplex Group, Inc. ("Simplex") is a business entity organized and existing under the laws of the State of Florida, with its principal place of business in Miramar, Florida. Simplex has designated Corporate Creations Network Inc., located at 11380 Prosperity Farms Road #221E, Palm Beach Gardens, Florida, 33410 as its agent for service of this complaint. Thus, for diversity purposes, Simplex is deemed a citizen of Florida.

10.      Defendant Best One Insurance, Inc. ("Best One") is a business entity organized and existing under the laws of the State of Florida, with its principal place of business in Pembroke Pines, Florida. Best One has designated Luis Ortega, located at 18503 Pines Blvd., Suite 206, Pembroke Pines, Florida, 33029 as its agent for

service of this complaint. Thus, for diversity purposes, Best One is deemed a citizen of Florida.

## FACTS

11.     Dwellyn Jerome Howard is originally from Georgia. He graduated from high school in 1985 and served in the United States Marine Corps from 1985 to 1996. He later completed two years of community college and worked in the computer industry for several years. In 2015, Jerome was a soda fountain installation technician for Pepsi in Maryland, and was living in northern Virginia.

12.     On July 17, 2015, Jerome was travelling on his motorcycle with a group of friends who were also on motorcycles. As they were riding through Greensboro, North Carolina, one of his friends had difficulty with his bike, so the whole group stopped to assist and pulled over onto the emergency/breakdown paved shoulder of southbound Interstate 85. They were standing in the grass median area further away from the travel lanes of the interstate.

13.     Suddenly, a Freightliner truck with a 53 foot trailer, owned and operated by E.C. Trucking and driven by Daniel Serna, swerved off the road and plowed into Jerome and his friends.

14.     Two of Jerome's friends died as a result of the crash: Mr. Arnie M. Morris died on impact and Mr. Kenneth N. Jefferson died at the hospital shortly thereafter.

6

15.     Jerome was still on top of his bike when the tractor trailer hit him from behind, severing his left lower leg. A former marine, Jerome acted quickly and created a turniquet out of his own shirt which kept him from bleeding to death until help arrived.

16.     Jerome was taken by ambulance to Moses H. Cone Memorial Hospital in Greensboro, North Carolina where he had an operation for completion and revision of his traumatic amputation. Jerome also had multiple closed rib fractures and a scapula fracture, all of which were deemed non-operative.   He received further rehabilitative treatment before being discharged from Moses Cone on July 26, 2015.

17.     Jerome then returned to northern Virginia where he received additional therapy and postoperative care. He was evaluated and fitted for a prosthesis for his leg. To this day, Jerome is still learning how to walk with a prosethesis and trying to adjust to his new life. As a fit and active former Marine, Jerome was crushed by having his left leg amputated.

18.     As a result of the collision, Jerome has had to deal with extensive physical pain, had his muscles atrophy and weaken and has had numbess in his arms and hands. He has also had to completely relearn how to perform the daily taks of living (e.g. walking, standing, carrying objects) with a prosthetic leg.   As a physically fit, retired Marine, losing his leg has changed Jerome's whole sense of self:   Emotionally, physically, and psychologically, Jerome will never be the same.

19.     In 2013, Fabricio Villagomez, an IT consultant, formed A Express Services to start a trucking business.

7

20.     A Express Services engaged the services of Simplex, a company that provides services relevant to trucking businesses, including meeting federal regulatory compliance and safety requirements, obtaining required permits and providing training materials.

21.     A Express Services also engaged the services of Best One Insurance, an insurance broker that provides advice regarding risk management and appropriate insurance to commercial motor carriers.

22.     Villagomez was friends with Mr. Ricardo Sanz of Miami, Florida.

23.     Villagomez encouraged Sanz to start a trucking business of his own.

24.     In 2014, Sanz formed EC Trucking.

25.     EC Trucking engaged the services of Simplex.

26.     After EC Trucking purchased a tractor-trailer, Simplex conducted inspections.

27.     EC Trucking also engaged the services of Best One Insurance.

28.     In or around May, 2015, EC Trucking advertised for truck drivers and Daniel Serna responded.

29.     EC Trucking forwarded information about Serna to Best One Insurance.

30.     Best One Insurance informed EC Trucking that it would insure Serna.

31.     As a result, EC Trucking hired Serna as a truck driver.

32.     Serna also attended a training seminar conducted by Simplex.

33.     At some point, EC Trucking engaged the services of A Express Services to help EC Trucking acquire more or better loads to haul by having Villagomez act as a dispatcher for EC Trucking.

34.     To do this work, A Express Services paid a fee and acquired an account at the website truckstop.com where Villagomez would search for potential loads for EC Trucking to haul.

35.     Villagomez also communicated with Sanz via telephone on a daily basis.

36.     At some point in time, Villagomez identified a particular load to haul that was brokered by Allen Lund.

37.     Allen Lund is a transportation broker: a company that acts as a middleman between a shipper and a receiver.

38.     On or around July 6, 2015, Allen Lund received a load tender from Aldi, Inc., a supermarket chain, regarding a load that needed to be transported from Commonwealth Dairy, LLC in Vermont to an Aldi warehouse in North Carolina on July 17, 2015.

39.     Villagomez informed Mr. Sanz of this load.

40.     Sanz filled out the Allen Lund application.

41.     Villagomez provided the name of EC Trucking's driver, Serna, to Allen Lund.

42.     Allen Lund engaged EC Trucking and its driver, Serna, to transport the load to the Aldi warehouse in North Carolina on July 17, 2015 ("the Aldi load").

9

43.     Villagomez met with Serna in Florida before he left to pick up and deliver the Aldi load.

44.     At some point after Serna had picked up the Aldi load from Vermont, but before the collision on July 17, 2015, Best One Insurance notified EC Trucking that Best One Insurance had discovered that Serna had a history of traffic violations, including DUI.

## COUNT I
## (Negligence – Defendant Daniel Santiago Serna)

45.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

46.     Serna had a duty to drive in a safe and reasonable manner and obey all traffic and other commercial motor vehicle safety laws.

47.     On July 17, 2015, Serna breached these duties when he drove the tractor trailer off the roadway on I-85 in Greensboro, North Carolina, striking Mr. Howard.  In addition to speeding, failing to keep in his lane and other violations, Serna was in substantial violation of the hours-of-service laws that were implemented to prevent collisions due to driver fatigue.

48.     Serna's negligence was a direct and proximate cause of Mr. Howard's severe physical injuries, disability, pain and suffering, lost wages, and extensive medical bills.

WHEREFORE, Mr. Howard respectfully requests judgment against the defendants,

jointly and severally as follows: (a) for compensatory damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), which shall be proven at trial; (b) for costs incurred in connection with this suit; (c) for pre- and post-judgment interest as permitted by law; and (d) for such other and further relief as this Court deems appropriate.

## COUNT II
### (Vicarious Liability – EC Trucking)

49. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

50. At all relevant times, Serna was the employee, agent, servant, or independent contractor for EC Trucking and operating in the course and scope of this agency and/or employment.

51. EC Trucking, therefore, is vicariously liable for the acts of Serna with respect to this collision.

52. In the alternative, EC Trucking had the right to exercise control over Serna's work in connection with the load and/or direct the manner in which the details of work were executed.

53. Operating a tractor trailer of the size and weight of the load involved in this collision may be carried out safely, but it is likely to cause injury if precautions are not taken.

54. Without regard to employment or agency relationship, EC Trucking is an interstate motor carrier and the registered owner of the USDOT number displayed on the

11

tractor-trailer involved in this collision, USDOT No. 2535763. EC Trucking, therefore, is responsible for the acts of its driver, Serna, as a matter of law.

WHEREFORE, Mr. Howard respectfully requests judgment against the defendants,

jointly and severally as follows: (a) for compensatory damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), which shall be proven at trial; (b) for costs incurred in connection with this suit; (c) for pre- and post-judgment interest as permitted by law; and (d) for such other and further relief as this Court deems appropriate.

## COUNT III
### (Negligence of Defendant EC Trucking)

55. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

56. At all relevant times, EC Trucking had a duty to: act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Serna; promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe; and exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

57. EC Trucking breached these duties by, among other things: failing to investigate Serna's background (which included, in the few years before this fatal crash, failing to use due care and causing a crash, reckless driving, failing to stay in the proper lane, driving while intoxicated, drug possession, and driving with a suspended license

12

violation); failing to implement alcohol and substance abuse testing; failing to maintain records required by federal law regarding drivers' backgrounds; permitting or requiring Serna to drive a commercial motor vehicle while impaired or fatigued; and failing to properly train and supervise Serna.

58.    EC Trucking's negligence was a direct and proximate cause of Mr. Howard's severe physical injuries, disability, pain and suffering, lost wages, and extensive medical bills.

WHEREFORE, Mr. Howard respectfully requests judgment against the defendants,

jointly and severally as follows:   (a) for compensatory damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), which shall be proven at trial; (b) for costs incurred in connection with this suit; (c) for pre- and post-judgment interest as permitted by law; and (d) for such other and further relief as this Court deems appropriate.

## COUNT IV
### (Vicarious Liability – Defendant Allen Lund)

59.    All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

60.    At all relevant times, EC Trucking and its driver, Serna, were each the employee, agent, servant, or independent contractor for Allen Lund and operating in the course and scope of this agency and/or employment. Allen Lund, therefore, is vicariously liable for the acts of EC Trucking and Serna with respect to this collision.

13

61.     In the alternative, Allen Lund retained the right to exercise control over EC Trucking and its driver's work in connection with the Aldi load and Allen Lund's activities were directed to the details required for the ultimate purpose for which it was hired; that is, delivery of a load to its proper destination in a timely fashion. Allen Lund, therefore, is vicariously liable for the acts of EC Trucking and Serna with respect to this collision.

62.     Operating a tractor trailer of the size and weight of the load involved in this collision may be carried out safely, but it is likely to cause injury if precautions are not taken.

63.     Without regard to agency or employment relationship, Allen Lund was authorized to transport the load and assumed responsibility for the load. Accordingly, Allen Lund is one of the motor carriers for the load and responsible for the acts of EC Trucking and Serna by operation of law.

WHEREFORE, Mr. Howard respectfully requests judgment against the defendants,

jointly and severally as follows:   (a) for compensatory damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), which shall be proven at trial; (b) for costs incurred in connection with this suit; (c) for pre- and post-judgment interest as permitted by law; and (d) for such other and further relief as this Court deems appropriate.

## COUNT V
### (Negligence – Defendant Allen Lund)

64.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

65.     At all relevant times, Allen Lund had a duty to select a competent contractor to transport the Aldi load.

66.     Allen Lund breached these duties by retaining incompetent, unfit and inexperienced contractors or subhaulers—EC Trucking and/or Serna—to haul the Aldi load.

67.     At all relevant times, Allen Lund knew or should have known of the particular incompetence of EC Trucking and/or Serna, including that EC Trucking was a new company with little to no experience, that it had multiple hours of service violations, that it failed to implement an alcohol and substance abuse testing program, that it had its operating authority revoked, that it did not investigate drivers' backgrounds, that it hired drivers, such as Serna, with extensive traffic and other violations, that it failed to keep required records, that it permitted and required drivers to operate commercial motor vehicles while impaired or fatigued and that driver Serna had a history of traffic violations that are directly related to the negligence and recklessness at issue in this case (*i.e.,* driving while intoxicated, failure to maintain the proper lane).

68.     Allen Lund's above-described breaches were a proximate cause of Mr. Howard's severe physical injuries, disability, pain and suffering, lost wages, and extensive medical bills.

WHEREFORE, Mr. Howard respectfully requests judgment against the defendants,

jointly and severally as follows: (a) for compensatory damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), which shall be proven at trial; (b) for costs incurred in connection with this suit; (c) for pre- and post-judgment interest as permitted by law; and (d) for such other and further relief as this Court deems appropriate.

## COUNT VI
### (Vicarious Liability – Defendant A Express Services)

69.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

70.     At all relevant times, EC Trucking and its driver, Serna, were each the employee, agent, servant, or independent contractor for A Express Services and operating in the course and scope of this agency and/or employment. A Express Services, therefore, is vicariously liable for the acts of EC Trucking and Serna with respect to this collision.

71.     In the alternative, A Express Services retained the right to exercise control over EC Trucking and its driver's work in connection with the Aldi load and A Express Services' activities were directed to the details required for the ultimate purpose for which it was hired; that is, delivery of a load to its proper destination in a timely fashion. A Express Services, therefore, is vicariously liable for the acts of EC Trucking and Serna with respect to this collision.

16

72.    Operating a tractor trailer of the size and weight of the load involved in this collision may be carried out safely, but it is likely to cause injury if precautions are not taken.

73.    Without regard to agency or employment relationship, A Express Services was authorized to transport the load and assumed responsibility for the load. Accordingly, A Express Services is one of the motor carriers for the load and responsible for the acts of EC Trucking and Serna by operation of law.

WHEREFORE, Mr. Howard respectfully requests judgment against the defendants,

jointly and severally as follows:   (a) for compensatory damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), which shall be proven at trial; (b) for costs incurred in connection with this suit; (c) for pre- and post-judgment interest as permitted by law; and (d) for such other and further relief as this Court deems appropriate.

## COUNT VII
### (Negligence – Defendant A Express Services)

74.    All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

75.    At all relevant times, A Express Services had a duty to select a competent contractor to transport the Aldi load.

17

76.     A Express Services breached these duties by retaining incompetent, unfit and inexperienced contractors or subhaulers—EC Trucking and/or Serna—to haul the Aldi load.

77.     At all relevant times, A Express Services knew or should have known of the particular incompetence of EC Trucking and/or Serna, including that EC Trucking was a new company with little to no experience, that it had multiple hours of service violations, that it failed to implement an alcohol and substance abuse testing program, that it had its operating authority revoked, that it did not investigate drivers' backgrounds, that it hired drivers, such as Serna, with extensive traffic and other violations, that it failed to keep required records, that it permitted and required drivers to operate commercial motor vehicles while impaired or fatigued and that driver Serna had a history of traffic violations driving that are directly related to the negligence and recklessness at issue in this case (*i.e.,* driving while intoxicated, failure to maintain proper lane).

78.     A Express Services' above-described breaches were a proximate cause of Mr. Howard's severe physical injuries, disability, pain and suffering, lost wages, and extensive medical bills.

WHEREFORE, Mr. Howard respectfully requests judgment against the defendants,

jointly and severally as follows:  (a) for compensatory damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), which shall be proven at trial; (b) for

costs incurred in connection with this suit; (c) for pre- and post-judgment interest as permitted by law; and (d) for such other and further relief as this Court deems appropriate.

## COUNT VIII
### (Negligence – Defendant Villagomez)

79.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

80.     At all relevant times, Villagomez acted as a dispatcher for EC Trucking which involved him searching the internet for potential loads to haul.

81.     Villagomez had a duty to select a competent contractor to transport the loads that he found, such as the Aldi load.

82.     Villagomez breached these duties by retaining incompetent, unfit and inexperienced contractors or subhaulers, such as EC Trucking and/or Serna, to haul the Aldi load.

83.     At all relevant times, Villagomez knew or should have known of the particular incompetence of EC Trucking and/or Serna, including that EC Trucking was a new company with little to no experience, that it had multiple hours of service violations, that it failed to implement an alcohol and substance abuse testing program, that it had its operating authority revoked, that it did not investigate drivers' backgrounds, that it hired drivers, such as Serna, with extensive traffic and other violations, that it failed to keep required records, that it permitted and required drivers to operate commercial motor vehicles while impaired or fatigued and that driver Serna

19

had a history of traffic violations driving that are directly related to the negligence and recklessness at issue in this case (*i.e.,* driving while intoxicated, failure to maintain proper lane).

84.     Villagomez's above-described breaches were a proximate cause of Mr. Howard's severe physical injuries, disability, pain and suffering, lost wages, and extensive medical bills.

WHEREFORE, Mr. Howard respectfully requests judgment against the defendants,

jointly and severally as follows:   (a) for compensatory damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), which shall be proven at trial; (b) for costs incurred in connection with this suit; (c) for pre- and post-judgment interest as permitted by law; and (d) for such other and further relief as this Court deems appropriate.

## COUNT IX
### (Negligent Undertaking – Simplex)

85.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

86.     At all relevant times, Simplex provided Department of Transportation regulatory and safety compliance services for motor carriers, including EC Trucking.

87.     At all relevant times, Simplex, a sophisticated business entity, knew or should have known that such regulatory and safety compliance services are performed because they are necessary for the safety and protection of motorists, pedestrians and the

20

general public. Moreover, Simplex knew or should have known that if it does not use ordinary care and skill to perform these services that it will cause danger or injury to motorists, pedestrians or the general public.

88.     At all relevant times, Simplex agreed to perform such regulatory and safety compliance services for EC Trucking.

89.     By undertaking to perform such duties, Simplex assumed and owed a duty of reasonable care to protect motorists, pedestrians and the general public from harm arising from its performance of these regulatory and safety compliance services.

90.     Mr. Howard was such an individual to whom Simplex assumed and owed a duty of reasonable care.

91.     Simplex breached its duty of care when it failed (a) to properly investigate EC Trucking's driver, Serna, regarding, *inter alia*, his previous experience and employment for at least the previous three years, his driving history and violations or his medical certifications, (b) to perform or cause to be performed any alcohol or drug testing on Serna, or (c) to advise or inform EC Trucking regarding DOT regulations concerning creating, keeping and maintaining records such as drivers' logs.

92.     Simplex's above-described breaches were a proximate cause of Mr. Howard's severe physical injuries, disability, pain and suffering, lost wages, and extensive medical bills

WHEREFORE, Mr. Howard respectfully requests judgment against the defendants,

21

jointly and severally as follows: (a) for compensatory damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), which shall be proven at trial; (b) for costs incurred in connection with this suit; (c) for pre- and post-judgment interest as permitted by law; and (d) for such other and further relief as this Court deems appropriate.

## COUNT X
### (Negligent Undertaking – Best One Insurance)

93.     All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

94.     At all relevant times, Best One Insurance provided insurance brokering services, including advice regarding risk management and appropriate insurance to reduce risk, to motor carriers, including EC Trucking.

95.     At all relevant times, Best One Insurance, a sophisticated business entity, knew or should have known that such brokering and risk management services are performed because they are necessary for the safety and protection of motorists, pedestrians and the general public. Moreover, Best One Insurance knew or should have known that if it does not use ordinary care and skill to perform these services that it will cause danger or injury to motorists, pedestrians or the general public.

96.     At all relevant times, Best One Insurance agreed to perform such insurance brokering and risk management services for EC Trucking, including investigating and deciding to provide insurance coverage for Serna.

22

97. By undertaking to perform such duties for EC Trucking, Best One Insurance assumed and owed a duty of reasonable care to protect motorists, pedestrians and the general public from harm arising from its performance of these brokering and risk management services.

98. Mr. Howard was such an individual to whom Best One Insurance assumed and owed a duty of reasonable care.

99. Best One Insurance breached its duty of care when it failed (a) to properly investigate EC Trucking's driver, Serna, regarding, *inter alia*, his previous experience and employment for at least the previous three years, his driving history and violations or his medical certifications, (b) to perform or cause to be performed any alcohol or drug testing on Serna, or (c) to advise or inform EC Trucking regarding any safety risks concerning its Serna.

100. Best One Insurance's above-described breaches were a proximate cause of Mr. Howard's severe physical injuries, disability, pain and suffering, lost wages, and extensive medical bills.

WHEREFORE, Mr. Howard respectfully requests judgment against the defendants,

jointly and severally as follows: (a) for compensatory damages in the amount of TWENTY MILLION DOLLARS ($20,000,000.00), which shall be proven at trial; (b) for costs incurred in connection with this suit; (c) for pre- and post-judgment interest as

permitted by law; and (d) for such other and further relief as this Court deems appropriate.

Dated:  June 18, 2018                    Respectfully submitted,

                                        DWELLYN JEROME HOWARD

                          By:    /s/ Jason N. Tuttle
                                 Jason N. Tuttle, Esquire
                                 EVERETT GASKINS HANCOCK LLP
                                 220 Fayetteville Street, Suite 300
                                 P.O. Box 911
                                 Raleigh, North Carolina 27602
                                 Phone:  (919) 755-0025
                                 Facsimile: (919) 755-0009
                                 jason@eghlaw.com

                                 -and-

                                 /s/ Peter C. Grenier
                                 Peter C. Grenier (*Pending Notice of Special Appearance*)
                                 Isaac Post (*Pending Notice of Special Appearance*)
                                 GRENIER LAW GROUP PLLC
                                 1400 L Street, N.W., Suite 420
                                 Washington, D.C. 20005
                                 Phone: 202-768-9600
                                 Fax: 202-768-9604
                                 pgrenier@grenierlawgroup.com
                                 ipost@grenierlawgroup.com

                                 *Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

DWELLYN JEROME HOWARD


By:    /s/ Jason N. Tuttle_____
Jason N. Tuttle, Esquire
EVERETT GASKINS HANCOCK LLP
220 Fayetteville Street, Suite 300
P.O. Box 911
Raleigh, North Carolina 27602
Phone:  (919) 755-0025
Facsimile: (919) 755-0009
jason@eghlaw.com

*-and-*

/s/ Peter C. Grenier_____
Peter C. Grenier (*Pending Notice of Special Appearance*)
Isaac Post (*Pending Notice of Special Appearance*)
GRENIER LAW GROUP PLLC
1400 L Street, N.W., Suite 420
Washington, D.C. 20005
Phone: (202) 768-9600
Fax: (202) 768-9604
pgrenier@grenierlawgroup.com
ipost@grenierlawgroup.com

*Counsel for Plaintiff*

25